PHILLIP A. TALBERT
United States Attorney
NICOLE VANEK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN O. HARRIS Jr.,<br><br>Defendant. | CASE NO. 2:24-MJ-00152-SCR<br><br>GOVERNMENT'S BRIEF IN CLARIFICATION OF RULE 5(C)(3)<br><br>DATE: December 23, 2024<br>TIME: 11:30 a.m.<br>COURT: Hon. Sean C. Riordan |

On December 20, 2024, defendant John O. Harris Jr. appeared for an Initial Appearance on a Rule 5(c)(3) proceeding on an Indictment out of the District of South Dakota. At that hearing, defense counsel made a motion for the government to present an unredacted indictment, as the indictment that was shared with the parties from the District of South Dakota is titled "Redacted Indictment." It appears the only redaction on the Indictment is the name of the foreperson of the grand jury, and no other information is redacted.

Federal Rules of Criminal Procedure Rule 5(c)(3)(D) requires that "the magistrate judge must transfer the defendant to the district where the offense was allegedly committed if: (i) the government produces the warrant, a certified copy of the warrant, or a reliable electronic form of either; and (ii) the judge finds that the defendant is the same person named in the indictment, information, or warrant." The government produced the warrant, and the defendant waived his right to an identity hearing. Therefore, both prongs are satisfied, and the defendant must be transferred to the District of South Dakota. No rule

states that a defendant may contest an indictment during his Initial Appearance on a 5(3)(c) proceeding.[1] The Indictment, as it stands, satisfies the requirements under Rule 7(c). To the extent that the defendant wishes to challenge any defect in the Indictment, the appropriate remedy is a Rule 12 motion in the District of South Dakota.

Dated:  December 20, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ NICOLE VANEK
NICOLE VANEK
Assistant United States Attorney

---

[1] The lack of express language authorizing a defendant to challenge the validity of their indictment during a Rule 5(c)(3) proceeding pre-dates Rule 5 as well as Rule 40. Nonetheless, the principle that an out-of-district court is not the appropriate venue to inquire on the "sufficiency of the indictment as a pleading" is long standing. *See Morse v. United States*, 267 U.S. 80, 83 (1925); *see also* Fed. R. Crim. P. 40(a) (2000).